**MARY SCHULTZ**
**MARY SCHULTZ LAW, P.S.**
2111 E. Red Barn Lane
Spangle, WA 99031
Tel: (509) 245-3522
Fax: (509) 245-3308
E-mail: Mary@MSchultz.com

**The Hon. Stanley Bastian**

**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **STEVEN HONKUS,** | **NO. 2:16-CV-00312-SAB** |
| **Plaintiff,** | **RESPONSE TO MOTION IN LIMINE** |
| **v.** | |
| **TRIMBLE NAVIGATION, LTD.,** | **Hearing Date: May 17, 2018** |
| **Defendant.** | **Hearing Time: 10:00 a.m.**<br>**Spokane**<br>**With Oral Argument** |

Plaintiff Steven Honkus, through counsel, Mary Schultz of Mary Schultz

Law, P.S., responds to Defendant Trimble Navigation Ltd.'s motion in limine,

*ECF 47*, as follows:

**A SOX whistleblower claim requires a prima facie showing of**
**protected activity within a SOX regulatory framework, and the**
**defendant company's *knowledge* of that protected activity. This**
**can only be evidenced through expert testimony.**

A court "has the power to exclude evidence *in limine* only when

*M*ARY
*S*CHULTZ
*L*AW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
Phone: 509.245.3522 • Fax: 509.245.3308

evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993); *Pivot Point Int'l, Inc. v. Charlene Products, Inc.*, 932 F. Supp. 220, 222 (N.D. Ill. 1996) (for the "principle that a motion in limine should be granted 'only when evidence is clearly inadmissible on all potential grounds.'")

A trial court must ensure that expert testimony rests on a reliable foundation and is relevant to the task at hand. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043–44 (9th Cir. 2014) (reversing an exclusion order and remanding for trial with experts).[1] "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Id.*

The two sets of expert opinions proposed here by Mr. Honkus are based on expertise and knowledge with a valid connection to the pertinent inquiry. To make a prima facie showing of an 18 U.S.C. § 1514A (SOX) Whistleblower claim, Plaintiff Steven Honkus must evidence four elements:

---

[1]  Citing *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010), as amended (Apr. 27, 2010), quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).



2111 E. Red Barn Lane
Spangle, WA 99031
Phone: 509.245.3522 • Fax: 509.245.3308

(1) that he engaged in protected activity or conduct; (2) that his *employer* knew or suspected, actively or constructively, that he engaged in the protected activity; (3) that he suffered an unfavorable personnel action; and (4) that the circumstances were sufficient to raise an inference that the protected activity was a contributing factor in the unfavorable action. *Tides v. The Boeing Co.*, 644 F.3d 809, 814 (9th Cir. 2011), citing *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 996 (9th Cir.2009); 29 C.F.R. § 1980.104(b)(1)(i)-(iv).[2]

---

[2] Since *Van Asdale*, the Administrative Review Board of the Department of Labor (ARB) published *Sylvester v. Paraxel Int'l LLC*, ARB No. 07-123, ALJ Nos. 2007-SOX-039, 2007-SOX-042 (May 25, 2011), adopted in, e.g., *In The Matter of: Angelina Zinn, Complainant v. American Commercial Lines Inc., Respondent*, 2012 WL 1143309, 33 IER Cases 1112 (U.S. Dept. of Labor SAROX) (2012). The decision clarifies and modifies an older standard. See, e.g., *McEuen v. Riverview Bancorp, Inc.*, 2013 WL 6729632, at *3 (W.D. Wash. Dec. 19, 2013). The United States Supreme Court and the Ninth Circuit both look to such ARB interpretation of the Sarbanes-Oxley statutes. *Lawson v. FMR LLC*, 134 S. Ct. 1158, 1175, 188 L. Ed. 2d 158 (2014) (noting that the ARB "has consistently construed AIR 21 to cover contractor employees"); *Van Asdale v. Int'l Game Tech.*, 577



2111 E. Red Barn Lane
Spangle, WA 99031
Phone: 509.245.3522 • Fax: 509.245.3308

Plaintiff Steven Honkus cannot testify as to what Trimble would understand "protected activity" to be within a SOX regulated industry. He is not a corporate executive, a reporting company financial office, a business controller, an internal auditor, nor a CFO. He will not be aware, as they must be, of public trading company definitional terms, industry practices, regulatory compliance requirements, mandatory internal controls, auditing departments, or general norms as to regulatory compliance structures and processes within a reporting corporation. But the concepts of "protected activity" and "corporate knowledge" are couched within, and revolve around, the latter. An understanding of this case will necessitate that the jury understand specialized terms, and the processes signified by those terms, to assess protected both activity and corporate knowledge. At issue will be such phrases including, but hardly limited to, corporate "internal controls," "forecasting," "earnings," "guidance," "earnings per share," "8-k forms," "10-k" and "10-q" filings, "certification," "internal audit," "controllers," "roll up processes," "top down" or "bottom up" processes, "earnings calls," and compliance methodologies. *See Schultz*

F.3d at 997 (deferring to the ARB's reasonable interpretation of the SOX Whistleblower statute.)



2111 E. Red Barn Lane
Spangle, WA 99031
Phone: 509.245.3522 • Fax: 509.245.3308

*Declaration, Exhibits F and G, Diamond and Selling testimony, generally.*
What forecasting *is*, what role it plays in the corporation, what role it plays
with investors, and how and why it is regulated will be a significant issue in
understanding protected activity and corporate knowledge. *Id.* "Red flags"
in forecasting processes, such as repeated inflated forecasting, lead to
protected activity when employees resist such practices. Even Trimble's
purported rationale as to why Mr. Honkus was allegedly terminated needs
expertise—"dealer programs" as an example, arise from corporate capital
allocation processes. Such decisions have "process" ramifications, and are
not made on the spur of the moment. Some claims by executive corporate
employee simply won't pass the smell test once one has knowledge of how
corporations work.

A recent Department of Labor ALJ opinion in *Gregg Becker v.
Community Health Systems, Inc. and Rockwood Clinic, P. S.*, U.S. D.O.L.
Case No. 2014-SOX-00044 (November 9, 2016), shows the process at trial.
*Schultz Dec., Exhibit B.* An example is the defendant corporation's Chief
Financial Officer testifying that the employee's refusal to participate in false
forecasting was not protected activity because the numbers needing to be
falsified would allegedly not be used publicly—the CFO testified that he



2111 E. Red Barn Lane
Spangle, WA 99031
Phone: 509.245.3522 • Fax: 509.245.3308

"does not use any information from the subsidiaries" projection to project the earnings for CHSI…" *Ex. B at 16.* But expert testimony showed the CFO to lack credibility—industry norms would make any such practice by a corporate executive to be "inappropriate, irresponsible, and almost reckless." *Id.* Expertise in "rollup" forecasting process norms was used to debunk corporate testimony. In showing corporate knowledge, an employee may rely "circumstantial evidence of the mindset of the employer,…" *Zinn,* supra, at 7. Expert opinion of industry norms, practices, and definitions is that evidence. This type of debunking information is "not accessible to a lay person," and is thus admissible as expert testimony. *Sharkey v. J.P. Morgan Chase & Co.*, 2013 WL 5693846, at *3 (S.D.N.Y. Oct. 9, 2013).

Trimble's motion to exclude offers precedent supporting the admission of such testimony as "trade customs," and explaining why such testimony is necessary. In *Marx & Co., Inc. v. Diners' Club Inc.,* 550 F.2d 505, 509 (2d Cir. 1977), expert testimony was allowed to explain "the step-by-step practices ordinarily followed by lawyers and corporations in shepherding a registration statement through the SEC." Citing *VII Wigmore on Evidence* s 1949, at 66 (3d ed. 1940), the *Marx* court held that testimony regarding the "ordinary practices of those engaged in the securities



2111 E. Red Barn Lane
Spangle, WA 99031
Phone: 509.245.3522 • Fax: 509.245.3308

business" is admissible as testimony of trade customs. This enables the jury "to evaluate the conduct of the parties against the standards of ordinary practice in the industry." *Id.* at 508-509. The court notes how other courts also allowed the same type of trade custom testimony—the expert had testified in other similar cases as an expert witness.

Similarly, in *Sharkey v. J.P. Morgan Chase & Co.*, 978 F.Supp.2d 250, expert testimony regarding SOX compliance and accounting was properly admitted. The testimony included the type of transactions "which might be subject to concern as an accountant," and all matters that would be worthy of SOX consideration for an accountant in an employee's SOX whistleblower claim; including "various types of conduct that would be considered 'red flags' within the industry, and the types of fraudulent activity they suggested,..." Again, such information is not "accessible to a lay person." *Id.*

Defendant Trimble does not challenge the credentials, expertise nor reliability of either of Mr. Honkus' expert witnesses to opine on the business structural and accounting industry practices they discuss. Specialization is evident from each expert's curriculum vitaes, including in their education in these specialized areas, their speaking engagements, and their articles and



MARY
SCHULTZ
LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
Phone: 509.245.3522 • Fax: 509.245.3308

publications. Trimble does not claim that either's work is flawed in any regard. Trimble asserts only that the testimony does not "involve scientific, technical, or other specialized knowledge, and does not assist the trier of fact." Their precedent shows the reverse. Specialized expertise in a SOX whistleblower is necessary, because the industry norms are not accessible to a lay person. *Sharkey, at* \*3.

Trimble disputes a litany of elements of this claim. *Schultz, Exhibit A (containing a grid comparison of the claims and defenses)*. Trimble's defenses are predicated on an audience's ignorance of SEC industry knowledge, definitions, and norms. *See Schultz at ¶ 5.* Trimble witnesses offer whack-a-mole defenses[3] supporting their corporate "lack of knowledge," including the theory that no motive would exist in a reporting corporation to inflate forecasts, and that forecasts are entirely speculative and cannot be done with any accuracy, all for the proposition that a history of inflated forecasts would not be seen as a flag, or its reporting as protected activity. *Schultz,*

_____

[3]  *See, e.g., Taylor v. State*, 162 So. 3d 780, 790 (Miss. 2015)(where the dissent describes "Whack–A–Mole Jurisprudence" as "Every time a factor pops up that appears to favor the defendant, this Court whacks it into conformity with the desire to affirm."



2111 E. Red Barn Lane
Spangle, WA 99031
Phone: 509.245.3522 • Fax: 509.245.3308

*attaching, e.g., Exhibit E, Controller Shi, at 48-49, 51-52, 54-55, 70-73.* Absent an understanding of business and industry practices, such deception is easy. But with knowledge of the basic processes, such as what forecasts are, and what the controller's role is *supposed* to be within an internal control process, *see Schultz, Ex. G, Selling, at e.g., 39, 50-52*, the jury can assess the lack of credibility of such presentations more accurately.[4]

Finally, two experts are needed. *Schultz at para. 14-16.* The Civil Rules do not limit the number of experts a party may use. Both experts approach the issue from different backgrounds. Plaintiff Honkus is a sales manager, but he is interacting with financial personnel, and tasked to investigate a pattern of inflated forecasting. This implicates corporate accounting practices. But Mr. Honkus is also reporting to his own general manager and upline sales personnel, which implicate general corporate structures and salesmen as a whole. *Id.* Trimble could argue that a deficiency in either of these avenues is

---

[4] As an example, per Dr. Selling, "The bottom-up process itself is a control. The existence of a controller is supposed to be a control. So one question is whether the – there were controls, another question is whether those controls were sufficient. Another question is whether those controls were operating properly, as they were supposed to." *Ex. G at 39.*

MARY
SCHULTZ
LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
Phone: 509.245.3522 • Fax: 509.245.3308

fatal to expertise. *Id.* In this case, an expert for each avenue is necessary.

## **Conclusion.**

Exclusion is improper. The evidence to be presented rests on a reliable foundation and is relevant to the task at hand. *See City of Pomona,* 750 F.3d at 1043–44. Trimble's motion in limine should be denied.

DATED this 1st day of May, 2018.

**MARY SCHULTZ LAW, P.S.,**

/s/**Mary Schultz**
WSBA #14198
Attorney for Plaintiff
**Mary Schultz Law, P.S.**
2111 E. Red Barn Lane, Spangle, Washington 99031
Tel: (509) 245-3522/Fax: (509) 245-3308
E-mail: Mary@MSchultz.com



2111 E. Red Barn Lane
Spangle, WA 99031
Phone: 509.245.3522 • Fax: 509.245.3308

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that she is a person of such age and discretion as to be competent to serve papers; and that on **May 1, 2018**, the foregoing document was filed with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to all registered attorneys in this action.

**DATED** this **1**st day of **May, 2018**.

/s/**Mary Schultz**
WSBA #14198
Attorney for Plaintiff
**Mary Schultz Law, P.S.**
2111 E. Red Barn Lane
Spangle, Washington 99031
Tel: (509) 245-3522/Fax: (509) 245-3308
E-mail: Mary@MSchultz.com



2111 E. Red Barn Lane
Spangle, WA 99031
Phone: 509.245.3522 • Fax: 509.245.3308