FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 21, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN HONKUS,<br><br>    Plaintiff,<br><br>    v.<br><br>TRIMBLE NAVIGATION LTD.,<br><br>    Defendant. | NO. 2:16-cv-00312-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court is Defendant's Motion for Reconsideration Re: Sanctions, ECF No. 40. The motion was heard without oral argument. For the reasons stated herein, the Court grants the motion and denies Plaintiff's request for fees and costs.

On April 5, 2018, the Court heard argument on Defendant's motion to prevent the deposition of Defendant's CFO Robert Painter. At the hearing, the Court denied Defendant's motion for a protective order and indicated that it would award Plaintiff's counsel fees for defending against the motion. As a result, the Court ordered Plaintiff to file an affidavit in support of fees. The affidavit was filed on April 13, 2018. ECF No. 46. Defendant filed the instant motion seeking reconsideration of the Court's ruling on fees on April 6, 2018. ECF No. 40.

Motions for reconsideration are generally disfavored and are considered "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration may be granted when:

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION** +1

(1) there is an intervening change in controlling law; (2) the moving party presents newly discovered or previously unavailable evidence; or (3) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Federal Rules of Civil Procedure 26(c) and 37(a)(5) govern protective orders. Rule 37(a)(5) provides that where a motion for a protective order is denied, the Court

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Here, the Court expressed its intent to award Plaintiff's counsel fees after it denied Defendant's motion for a protective order. However, at that time, the Court was unaware of the circumstances underlying the necessity of Defendant's motion. Having reviewed the record and the submissions of the parties, the Court believes that an award of expenses is unjust and that Defendant's motion was substantially justified. Accordingly, the Court grants Defendant's motion for reconsideration and denies Plaintiff's counsel's request for fees.

//
//
//
//
//
//
//

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION** +2

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Reconsideration Re: Sanctions, ECF No. 40, is **GRANTED**.

2. Plaintiff's counsel's request for fees regarding Defendant's Motion for Protective Order Re: Deposition of Robert Painter, ECF No. 26, is **denied**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 21st day of May 2018.



_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION** +3